## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| JAMES LARSON, DONALD JUDGE, and JEAN PRICE, individual electors, and the MONTANA DEMOCRATIC PARTY,<br><br>            Plaintiffs,<br><br>        v.<br><br>COREY STAPLETON, in his official capacity as the Montana Secretary of State,<br><br>            Defendant,<br><br>and   THE   MONTANA   DEMOCRATIC PARTY,<br><br>            Interested Party. | Civil Action No.: |

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFFS' EMERGENCY MOTION TO REMAND

### INTRODUCTION

Plaintiffs, in this litigation, challenge a petition submitted by the Montana Green Party (the "Green Party") as not meeting the requirements of Section 13-10-601, MCA, a Montana *state statute* that allows political parties to qualify for primary election ballot access (and thus general election ballot access) upon a showing of a certain number of valid signatures in 34 Montana House of Representatives Districts.  As a cursory examination of Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint") and First Amended Complaint for Declaratory and Injunctive Relief (the "First Amended Complaint"), reveals, Plaintiffs assert *only* a Montana state law claim (for declaratory and injunctive relief) and no federal claims. Despite the lack of any federal law claim, the lack of any diversity, and the fact that the parties in

139622087.1

this case are already in the *middle* of a dispositive evidentiary trial on the merits in Montana First Judicial District Court in Lewis and Clark County—which began last week and is scheduled to resume *today*—the Green Party has improperly removed this case to federal court.

The Green Party has appeared in that state court litigation, filed pretrial motions (which were denied), filed a second motion to delay the hearing and to schedule a status conference (which was also denied), and, most importantly, participated in adjudicating the merits of Plaintiffs' state law claim.  In particular, at the show cause hearing, the Green Party asserted evidentiary objections during the hearing and cross-examined Plaintiffs' witnesses.  Having tested the waters in state court and found them unappealing, the Green Party now seeks a new forum but utterly without any basis for federal removal jurisdiction.  Accordingly, Plaintiffs submit this Emergency Motion to Remand pursuant to 28 U.S.C. § 1447, seeking expedited consideration because the dispositive show cause hearing already underway in Montana state court is scheduled to resume at 10:00 a.m. MDT *today*, April 30, 2018.  Plaintiffs seek to have that hearing take place as scheduled.

As set forth below, this case should be remanded to Montana First Judicial District Court because: (1) Plaintiffs' First Amended Complaint, as well as original Complaint, only alleges a state law claim, *not any federal law claims*; and (2) the Green Party waived its right to remove by litigating the merits of this case in the state court's ongoing and dispositive show cause merits hearing.  In addition, Plaintiffs seek costs and fees from the Green Party for its meritless removal action, which is obviously designed to obstruct and to delay the state court's ongoing hearing.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiffs first filed a Complaint on April 2, 2018, in the Montana First Judicial District Court, seeking declaratory and injunctive relief and asserting that the Green Party petition seeking to qualify its candidates for primary election ballot access did not meet the requirements of Section 13-10-601, MCA, a Montana state statute. *See* Plfs.' Compl., Ex. 1 to the Declaration of Peter Michael Meloy ("Meloy Decl.").  Then, on April 19, 2018, Plaintiffs amended their Complaint to include a few new facts regarding one purported petition circulator.  *See* Plfs.' First Am. Compl., Ex 2 to Meloy Decl.  Their First Amended Complaint contains no new claims, and most assuredly no federal claims.  *See id.*  Thus, because Plaintiffs' only claim is based solely and explicitly on Montana state law, Plaintiffs properly filed their Complaint and First Amended Complaint in Montana state court.

After Plaintiffs filed their Complaint, the Court, by order dated April 3, 2018, set a show cause hearing date for nearly three weeks later, on Tuesday, April 24rd.  *See* Ex. 3 to Meloy Decl.  The Green Party, which had been named an interested party in the complaint (as required by Montana law) appeared the day before the hearing through counsel.  *See* Ex. 4 to Meloy Decl. On April 24, 2018, *all* parties to this case, including the Green Party, entered an appearance. Meloy Decl. at ¶ 9.  At the outset of the show cause hearing, the Green Party moved to strike the hearing.  *Id.* at ¶ 10.  The state court promptly denied that motion and the hearing commenced. *Id.*  Over the course of the afternoon of the show cause hearing, the Plaintiffs presented testimony from two witnesses and introduced 28 exhibits.  *Id.* at ¶ 11.  Counsel for the Green Party fully cross-examined the witnesses and voiced repeated objections to the admission of Plaintiffs' exhibits and the related testimony from Plaintiffs' witnesses.  *Id.* at ¶ 12. At the end of the day, when it became apparent that the hearing would not conclude that afternoon, the

139622087.1

Court inquired of counsel as to availability and, with the explicit consent of all parties --
*including the Green Party* -- set the hearing to continue on Monday, April 30, at 10:00 a.m.  *Id.*
at ¶ 13.  At no point during those proceedings did counsel for the Green Party (or anyone else for
that matter) question the jurisdiction of the state court or raise even the possibility of removal.
*Id.* at ¶ 14.

The day after the hearing, the Green Party filed *another* motion seeking to delay the
proceedings, this time styled as a motion to continue the proceedings and to set a status
conference instead.  *See* Ex. 5 to Meloy Decl.  Plaintiffs opposed that motion and that Court
promptly denied it.  Meloy Decl. at ¶ 16.  Plaintiffs, along with others parties, thereafter devoted
their time and attention to preparing for the renewed hearing, exchanging exhibits and witness
lists as ordered by the state court.  *Id.* at ¶ 17.  The Green Party filed a motion to compel the
attendance of Plaintiffs at the continued show cause hearing, to have the opportunity to call them
as witnesses.  *See* Ex. 6 to Meloy Decl.

The Green Party first advised Plaintiffs that it would be filing a notice to remove this case
from Montana state court to federal court at approximately 7:27 p.m. on Saturday, April 28.  *Id.*
at ¶ 19.  The Green Party waited until today, the day the show cause hearing is supposed to
resume, to file its notice to remove this case to federal court.  With all due respect, there is
patently no basis for removal, and this is nothing other than a renewed effort to obstruct and
delay the show cause hearing should be rejected.

## LEGAL STANDARD

A case can only be removed to federal district court if it could have been originally
brought in federal court.  28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*,
861 F.2d 1389, 1393 (9th Cir. 1988) ("[O]nly [those] state court actions that originally could

139622087.1

have been filed in federal court may be removed to federal court by the defendant.") (citations omitted).  Thus, "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*."  28 U.S.C. Section 1447(c) (emphasis added).

"Absent diversity of citizenship, only cases within the district court's original 'federal question' jurisdiction may be removed from state to federal court."  *Ethridge*, 861 F.2d at 1393, 1988 (citations omitted).  In examining federal question subject jurisdiction in the context of removal, "the court must look to the complaint as of the time the removal petition was filed."  *Berg v. Billings Police Dep't*, No. CV-12-63-BLG-RFC, 2012 U.S. Dist. LEXIS 69296, *2 (D. Mont. May 17, 2012) (citations omitted).  The Ninth Circuit has stated that "the removal statute [28 U.S.C. § 1441] is strictly construed *against removal jurisdiction*."  *Ethridge*, 861 F.2d at 1393 (citations omitted) (emphasis added).

## ARGUMENT

The Court should grant Plaintiffs' Motion to Remand this case back to the Montana First Judicial District Court because: (1) Plaintiffs' First Amended Complaint, as well as original Complaint, only alleges a state law claim, not any federal claims, so this Court does not have subject matter jurisdiction; and (2) the Green Party has waived its right to remove this case by arguing the merits of the case in the dispositive state court hearing.

### I.   Plaintiffs Only Allege a State Law Claim, No Federal Law Claims, so This Court Does Not Have Jurisdiction

*First*, Plaintiffs' Motion to Remand should be granted because they have never asserted a federal cause of action, only a state law claim, so this Court rather plainly does not have subject

matter jurisdiction.[1]  According to this Court, when "no federal question is presented on the face of [a] Complaint, Defendants' removal fails."  *Berg v. Billings Police Dep't*, No. CV-12-63-BLG-RFC, 2012 U.S. Dist. LEXIS 69296, *2, *3 (D. Mont. May 17, 2012) (citations omitted); *see also Wichman v. McConkey*, No. C-16-5387, 2016 U.S. Dist. LEXIS 108580, *3-4 (W.D. Wash. Aug. 16, 2016) (granting remand when a defendant did not establish federal subject matter jurisdiction, as plaintiff's complaint was "based solely on state law"); *Ethridge*, 861 F.2d at 1395 (stating "the plaintiff may avoid removal simply by relying exclusively on [] state law claim[s]") (citation omitted).  For example, in *Berg*, this Court examined a plaintiff's complaint, which only contained Montana state law claims, and thus granted remand.  *Berg*, 2012 U.S. Dist. LEXIS 69296.  Here, Plaintiffs' First Amended Complaint only asserts a purely state law cause of action. *See* Plfs.' First Amended Compl., Ex. 2 to Meloy Decl.  Accordingly, this Court does not have subject matter jurisdiction over Plaintiffs' First Amended Complaint and should grant Plaintiffs' Motion to Remand.

## II.    The Green Party's Participation in The Montana Court's Hearing on The Merits Waived Its Removal Argument

*Second*, even assuming that this case were somehow removable to federal court, Plaintiffs' Motion to Remand should still be granted because the Green Party waived its right to removal. Courts have held that a defendant waives its right to remove a case to federal court when it chooses to pursue a challenge to the merits in state court.  *See, e.g., McGee & McGee Wine Merchs., LLC v. Jam Cellars, Inc.*, No. 3:16-CV-0240-LRH-WGC, 2016 U.S. Dist. LEXIS 66676, *9 (D. Nev. May 20, 2016) (holding "that because defendants elected to pursue a merits challenge to [the plaintiff's] complaint in the state court, defendants waived their right to later

---

[1] Removal on diversity grounds would obviously be improper here, as there is a lack of complete diversity, and Plaintiffs seek declaratory and injunctive relief only, not monetary relief meeting the amount in controversy requirement required for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

remove this action to federal court"); *Wichman*, 2016 U.S. Dist. LEXIS 108580, at \*3-4 (granting remand when a defendant chose to "to litigate this suit in state court for almost two years" before removing to federal court).  Here, the Green Party has actively and substantively participated in the ongoing dispositive show cause hearing on the merits in Montana state court. *See* Meloy Decl. at ¶¶ 12, 18.  Thus, this participation operates to waive the Green Party's right to remove this case to federal court.

III.  **Plaintiffs Seek Their Fees and Expenses Against The Green Party For Its Improper Removal Motion**

Plaintiffs seek payment of their expenses and costs incurred as a result of the Green Party's improper removal action.  *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Court grant their Motion to Remand.

Respectfully submitted,

Dated: April 30, 2018                 By: /s/ Peter Michael Meloy
                                          Peter Michael Meloy
                                          **MELOY LAW FIRM**
                                          P.O. Box 1241
                                          Helena, MT  59624
                                          (406) 442-8670

**CERTIFICATE OF COMPLIANCE**

I certify, pursuant to L.R. 7.1(d)(2)(B) and (E), the attached Brief is proportionately spaced, has a typeface of 12 points or more and contains  2,133 words, exclusive of caption and certificates of compliance and service.

/s/ Peter Michael Meloy
Peter M. Meloy

139622087.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2017, the following pleading was served through ECF to

counsel for Defendant and Interested Party:

Emily Jones, Esq.
Jones Law Firm
P.O. Box 81274
Billings, MT 59108-1274
Emily@joneslawmt.com
*Attorney for Defendant Secretary of State*

Quentin M. Rhoads
Rhoades Siefert & Erickson PLLC
430 Ryman Street
Missoula, Montana 59802
qmr@montanalawyer.com
*Attorney for Interested Party Montana Green Party*

Austin Knudsen
Knudsen Law, PLLC
110 Broadway
P.O. Box 624
Culbertson, MT 59218
knudsenlawfirm@yahoo.com
*Attorney for Proposed Intervenor-Defendant Montana Republican Legislative
Campaign Committee*

A true and exact copy of the foregoing brief and attachments thereto was sent via U.S.
mail, first class, postage prepaid to the following:

Steve Kelly
4750 Jordan Spur Road
Bozeman, MT 59715
*Proposed Intervenor*

/s/ *Peter Michael Meloy*
Peter Michael Meloy

139622087.1