IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



**FILED**

APR 3 0 2018

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| JAMES LARSON, DONALD JUDGE, and JEAN PRICE, individual electors, and the MONTANA DEMOCRATIC PARTY,<br><br>Plaintiffs,<br><br>vs.<br><br>COREY STAPLETON, in his official capacity as the Montana Secretary of State,<br><br>Defendant,<br><br>and THE MONTANA GREEN PARTY,<br><br>Interested Party. | CV 18-61-H-SPW<br><br>ORDER |

Before the court is Plaintiffs James Larson, Donald Judge, Jean Price, and the Montana Democratic Party's emergency motion to remand. (Doc. 2). Defendants oppose the motion. (Doc. 2 at 2). Plaintiffs requested this court issue the emergency motion to remand by 10:00 am this morning so that the show cause hearing set in the First Judicial District Court could proceed. The court received the motion at 9:45 a.m.; insufficient time to rule before the hearing. Nevertheless, after reviewing the record, this court finds that remand is appropriate.

1

## I.   Legal Standard

Federal courts are courts of limited jurisdiction, and may hear cases only where empowered to do so by the Constitution or by act of Congress. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction may be based on the existence of a federal question or complete diversity of the parties, as set forth in 28 U.S.C. §§ 1332 and 1332.

Removal of a case to a district court may be challenged by motion. 28 U.S.C. 1441(c). A federal court must remand the matter if there is a lack of jurisdiction. 28 U.S.C. 1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not. *United Investors Life Ins. V. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Removal statutes are construed restrictively and in favor of remanding a case to state court. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party invoking the court's subject matter jurisdiction "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## II. Discussion

In their motion to remand, Plaintiffs contend that this court lacks subject matter jurisdiction over this case and that Defendants waived their right to remove this action from state court based upon certain actions they took while this case was pending in state court. Because the court determines subject matter jurisdiction does not exist in the first instance, it need not reach Plaintiffs' second argument.

A civil action brought in state court may be removed by the defendants to federal district court only where the federal court would have had jurisdiction over the action had it been brought originally in the federal court. *See* 28 U.S.C. § 1441. Accordingly, the basis for jurisdiction must inhere from the plaintiff's claims in state court. *See Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) (stating, [t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint) (internal citations omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009)(holding that a federal question must "be disclosed upon the face of the complaint, unaided by the answer.").

After reviewing the record in this case, the court finds that it does not have subject matter jurisdiction over Plaintiff's Amended Complaint. Nowhere in the Amended Complaint do Plaintiffs allege any claim that arises under federal statute or the federal constitution.

In their notice of removal, Defendants state that the U.S. Constitutional issues include:

> "(a) whether the burdens on fundamental U.S. Constitutional rights imposed by Mont. Code Ann. § 13-10-601 properly "conditions ballot access in both primary and general elections 'on a showing of a modicum of voter support'" (First Amended Complaint, ¶ 1 (quoting Munro v. Socialist Workers Party, 479 U.S. 189, 196 (1986)); and
>
> (b) whether barring MTGP from participation in the 2018 Montana primary and general elections satisfies Constitutional muster by properly promoting the important state interest of preventing "'frivolous candidates clogging the ballot and confusing voters.'" (First Amended Complaint, ¶ 7 (quoting Swanson v. Worley, 490 F.3d 894, 911 (11th Cir. 2007).)

(*See* Doc. 1 at 3). Despite Defendants' assertions, however, there is no mention of the U.S. Constitution in the Complaint or the Amended Complaint. On the contrary, Plaintiffs' claims appear to arise entirely out of Montana law and Montana political parties' abilities to qualify their candidates by primary election as governed by Montana law. (*See gen.* Docs. 1-1, 1-2). Because the first time any claim under the federal constitution is invoked is in Defendants' Notice of Removal, Defendants have not met their burden to establish subject matter jurisdiction in this court. *See Provincial Gov't of Marinduque*, 582 F.3d at 1086;

*Leite*, 749 F.3d at 1121. As a result, the court is duty bound to remand this case. *United Investors Life Ins.*, 360 F.3d at 967.

IT IS HEREBY ORDERED that Defendants' Motion to Remand (Doc. 2) is GRANTED. This case is remanded to the First Judicial District Court for the State of Montana. The Clerk of Court is directed to send a certified copy of this Order to Remand to the Lewis and Clark County Clerk of District Court and close this case.

IT IS FURTHER ORDERED that Plaintiffs' motion for fees is DENIED.

DATED this 30th day of April, 2018.

_____
SUSAN P. WATTERS
United States District Judge